IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:22-HC-2160-M

| | |
|---|---|
| GREGORY K. PARKS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) ORDER |
| | ) |
| WARDEN JAMIE BULLARD, | ) |
| | ) |
| Respondent. | ) |

This matter is before the court on respondent's motion to dismiss [D.E. 31]. Petitioner responded in opposition. For the reasons stated below, the court grants respondent's motion.

## BACKGROUND

On November 15, 2017, petitioner was convicted of first-degree felony murder by the commission of attempted second degree rape and by the commission of second-degree kidnapping, first-degree kidnapping, obtaining the status of an habitual felon, and obtaining property by false pretense. North Carolina v. Parks, 828 S.E. 2d 719, 724–25 (N.C. App. 2019). The state court "arrested judgment on the first-degree kidnapping conviction, entered a judgment on the first-degree felony murder conviction sentencing defendant to life imprisonment without parole, and entered a judgment for obtaining property by false pretense and obtaining habitual felon status sentencing defendant to a consecutive term of 128 to 166 months imprisonment to begin at the expiration of the life sentence." Id. at 725. Petitioner appealed.

On May 21, 2019, the North Carolina Court of Appeals issued a public opinion holding no error occurred. Id. at 732. On June 24, 2019, petitioner filed a petition for discretionary review in the North Carolina Supreme Court. (Resp't Mem. Ex. 5 [D.E. 32-7]). On April 1, 2020, the North Carolina Supreme Court denied discretionary review. (Resp't Mem. Ex. 8 [D.E. 32-9]).

On June 30, 2021, petitioner filed a motion for appropriate relief ("MAR") in state superior court. (Pl. Ex. [D.E. 9-1] at 14). On July 12, 2021, the trial court entered an order denying petitioner's MAR. (Pl. Ex. [D.E. 1-1] at 1–4). On August 6, 2021, petitioner filed a petition seeking a writ of certiorari in the North Carolina Supreme Court. (Pl. Ex. [D.E. 9-1] at 1–13). On August 17, 2022, the North Carolina Supreme Court dismissed the petition. (Pl. Ex. [D.E. 1-1] at 5).

On August 29, 2022, petitioner placed the instant petition into the prison mail system. (Pet. [D.E. 1] at 16). The petition was filed September 7, 2022. The court granted petitioner's motion to amend on September 29, 2023, and petitioner filed the operative petition on October 16, 2023.

Respondent filed the instant motion to dismiss on February 19, 2024, relying on a memorandum in support and state court records. Respondent argues the petition is untimely, petitioner's claims are procedurally defaulted, all claims were not fully litigated in state court or cognizable on federal habeas review. After an extension, petitioner responded in opposition on April 5, 2024.

## COURT'S DISCUSSION

A.  Legal Standard

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the petition's legal and factual sufficiency. See Ashcroft v. Iqbal, 556 U.S. 662, 677–80 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–63 (2007); see also Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) ("[A motion to dismiss] does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."). To withstand a motion to dismiss under Rule

2

12(b)(6), a pleading "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678 (quotation omitted); see Twombly, 550 U.S. at 570; Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008).

Further, a motion to dismiss a § 2254 petition "tests the legal sufficiency of the petition, requiring the federal habeas court to assume all facts pleaded by the § 2254 petitioner to be true." Walker v. Kelly, 589 F.3d 127, 139 (4th Cir. 2009); see Wolfe v. Johnson, 565 F.3d 140, 169 (4th Cir. 2009). In addressing the motion to dismiss, the court considers the record of the state proceeding and other matters of public record. See, e.g., Cullen v. Pinholster, 563 U.S. 170, 180–81 (2011); Walker, 589 F.3d at 139.

B. Analysis

The court agrees with respondent that petitioner's petition is untimely. The Antiterrorism and Effective Death Penalty Act ("AEDPA") requires an individual in custody pursuant to the judgment of a state court to file any application for a writ of habeas corpus within one year of the latest of:

- (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

- (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

- (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

- (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

3

28 U.S.C. § 2244(d)(1); see Frasch v. Peguese, 414 F.3d 518, 521 (4th Cir. 2005).

AEDPA's one-year limitation period is tolled during the time in which "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); see Hernandez v. Caldwell, 225 F.3d 435, 438–39 (4th Cir. 2000). The running of the one-year limitation period, however, resumes once the state's highest court resolves the state post-conviction proceedings, and the time between when a petitioner's conviction becomes final and when a petitioner files a state application for post-conviction relief also counts against AEDPA's limitation period. See Harris v. Hutchinson, 209 F.3d 325, 327–28 (4th Cir. 2000); see also Holland v. Florida, 560 U.S. 631, 635–38 (2010).

As stated above, the trial court entered judgment on November 15, 2017. Parks, 828 S.E. 2d at 724–25. Petitioner timely appealed, and the North Carolina Court of Appeals denied relief on May 21, 2019. Id. at 732. Petitioner filed for discretionary review in the North Carolina Supreme Court, which was denied on April 1, 2020. (Resp't Mem. Ex. 8]). On June 30, 2021, petitioner filed an MAR in state superior court. (Pl. Ex. [D.E. 9-1] at 14). On July 12, 2021, the trial court denied petitioner's MAR. (Pl. Ex. [D.E. 1-1] at 1–4).

On August 6, 2021, petitioner filed a writ of certiorari in the North Carolina Supreme Court. However, the North Carolina Supreme Court was the improper court in which to seek review of the denial of petitioner's MAR. See N.C. R. App. P. 21(e) (providing that, in non-capital cases, petitions for writ of certiorari to review denials of MAR "shall be filed in and determined by the Court of Appeals, and the Supreme Court will not entertain petitions for certiorari or petitions for discretionary review in these cases"). Thus, the writ for certiorari regarding the MAR was not properly filed, and the limitations period under 2244(d)(1) was only tolled until the superior court

4

denied petitioner's MAR on July 12, 2021. See Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005) (holding that improperly filed state postconviction petition "is not entitled to statutory tolling under § 2244(d)(2)."); see also Smith v. Woodard, 57 F. App'x 167 (4th Cir. 2003) ("[P]ursuit of collateral review in the North Carolina Supreme Court was improperly filed, and did not toll his filing period."). The statutory period ran from July 12, 2021, to July 12, 2022.

Petitioner did not place the instant petition in the prison mail system until August 29, 2022. The instant petition also does not plausibly allege State action impeded the filing an earlier habeas petition, the recognition of a new constitutional right, or a factual predicate for his claim that could not have been earlier discovered through the exercise of due diligence. Cf. 28 U.S.C. § 2244(d)(1). Thus, absent equitable tolling, the district court must dismiss the petition as untimely.

Section 2244 "allows for equitable tolling in those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Green v. Johnson, 515 F.3d 290, 304 (4th Cir. 2008) (internal quotation marks and citation omitted). To be entitled to equitable tolling, petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland, 560 U.S. at 649 (quotation omitted).

Here, petitioner does not plausibly allege extraordinary circumstances prevented timely filing of a federal habeas petition or that he diligently pursued his rights. Cf. id.; Green, 515 F.3d at 304; see also United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) ("[E]ven in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling."); Harris, 209 F.3d

5

at 330–31. Petitioner merely argues his petition for writ of certiorari was properly before the North Carolina Supreme Court. As addressed above, such an assertion is incorrect. Thus, because equitable tolling is inappropriate, this petition remains untimely.[1]

Finally, because reasonable jurists would not find the court's treatment of any of these claims debatable or wrong, and none of the issues are adequate to deserve encouragement to proceed further, the court denies a Certificate of Appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

## CONCLUSION

For the reasons discussed above, the court GRANTS respondents' motion to dismiss (D.E. 31) and DENIES a certificate of appealability. The clerk is DIRECTED to close this case.

SO ORDERED, this the 30th day of September, 2024.

RICHARD E. MYERS, II
Chief United States District Judge

---

[1] Petitioner appears to argue the respondent must send him additional state court records, including trial transcripts. (Pet. Resp. [D.E. 36] at 1–2). However, "[a] habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." Bracy v. Gramley, 520 U.S. 899, 904 (1997) (noting, in Harris v. Nelson, 394 U.S. 286, 295 (1969), the Court held "the 'broad discovery provisions' of the Federal Rules of Civil Procedure did not apply in habeas proceedings").